**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD RAY PARKEY,

Petitioner - Appellant,

vs.

BOBBY BOONE,

Respondent - Appellee.

No. 99-6056
(D.C. No. 98-CV-350-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Parkey, an inmate appearing pro se, seeks to appeal the district court's

dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

2254. The district court, adopting the magistrate judge's Report and

Recommendation, dismissed Mr. Parkey's petition as untimely because it was

filed after the one-year grace period beyond the April 24, 1996 effective date of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The district court also denied Mr. Parkey a certificate of appealability ("COA"). Mr. Parkey appeals, contending that the delay should be attributed to "state action" due to lack of access to legal materials, see 28 U.S.C. § 2244(d)(1)(B), and requests a certificate of appealability. We deny Mr. Parkey's request for a COA and dismiss the appeal.

Mr. Parkey's state convictions became final on August 5, 1995, prior to the effective date of the AEDPA. Accordingly, in the absence of suspension of the time limit, he had to file his federal habeas petition before April 24, 1997. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Mr. Parkey filed a state court application for post-conviction relief, and pursuant to § 2244(d)(2), the period of limitation was tolled while his state collateral review was pending. See Hoggro, 150 F.3d at 1226.

Nevertheless, Mr. Parkey's habeas petition still fails to meet the deadline when extended by the state proceedings. Mr. Parkey filed an application for post-conviction relief in state court on February 26, 1997 which was denied on March 14, 1997. His appeal was denied on the merits by the Oklahoma Court of Criminal Appeals on September 26, 1997. With the tolling provided by § 2244(d)(2), Mr. Parkey had until November 22, 1997 to file a timely habeas

petition. However, Mr. Parkey filed his federal petition on March 9, 1998, well past the deadline.

Mr. Parkey urges this court to equitably extend that deadline because of lack of access to legal materials. To succeed in this claim, Mr. Parkey must show how this impediment adversely affected his ability to timely file his federal petition and that he diligently pursued his federal claims. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998); see also Lewis v. Casey, 518 U.S. 343, 351-52 (1996) (an inmate alleging lack of access to a law library or legal assistance program must demonstrate actual injury). However, Mr. Parkey has failed to do this, especially considering his ability to file an application for state post-conviction relief, asserting the same grounds for relief, approximately nine months earlier. Thus, we agree with the district court that Mr. Parkey has not shown any recognized basis for equitably tolling the deadline beyond November 22, 1997.

Because Mr. Parkey has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his request for a certificate of appealability and DISMISS his appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -